## Marchiafava Estate (No. 2)

*William Slom*, for Commonwealth.

*Isaac H. Clothier, IV*, for guardian.

BURKE, J., February 11, 1965.—This case was before the hearing judge on a petition and answer, relat-

ing to a claim by the Commonwealth Department of Public Welfare for reimbursement of moneys expended by it for support of the subject minor.

Between March 2, 1961, and January 4, 1963, the department paid a total of $3,135 to Frances Marchiafava for the support of herself and her three minor children, one of whom was Joan Marchiafava, under the category of Aid to Dependent Children. The department's claim is directed against the said minor's estate and represents one-fourth of the total aid, viz., $783.75. The purpose of this form of aid is to keep the home intact and to subject the children to the supervision of their mother, which is socially accepted as superior to an institution.

On February 25, 1961, the said minor was the victim of an accident requiring her hospitalization and the removal of her spleen. The operation left a heavy vertical abdominal scar extending from her rib cage to her navel. Suit was instituted on the minor's behalf for damages resulting from the accident. The case was settled and approved by a judge of the common pleas court in which, after payment of counsel fees, medical and other related expenses, the minor's estate received an award of $4,102.82.

The minor's guardian resisted the claim on the following grounds: (a) the Commonwealth did not conclusively establish that the minor was a full time resident in her mother's home; (b) It was not established that her portion of the grant was fully allocated to her maintenance; (c) the fund held by the guardian is the only source for future medical needs; (d) that the minor's case was settled prior to a determination of the extent of her medical needs.

These defenses are discussed hereinafter serially:

A. The minor is twelve years of age and attended a neighborhood school. The Department's social workers administer such programs in the field by visiting

the homes of recipients for the purpose of determination of the continued eligibility of the recipients. It was testified on behalf of the visitors that on some occasions the subject minor was not present in the home when the visitor called, while on other occasions she was present. To require the department to arrange its visits so as to accommodate the presence of all recipients would be a ponderous obstacle to efficient administration and impose a heavy financial burden by reason of the increased number of visitors that would be required.

B. The demand that proof of the claim places the obligation on the Department of showing that exactly one-fourth of the total grant was applied for the subject minor's support is answered in Reiver's Estate 343 Pa. 137, 142 (1941), where the court said:

"Although it is similarly impossible to prove that each patient in an asylum or hospital receives his exact proportionate benefit from the total expenditures of the institution, the courts have never required the Commonwealth to prove, as a prerequisite to recovery of funds expended for maintenance of an inmate or patient, the exact expense incurred by the institution for the particular dependent, and, indeed, were such a requirement to exist, it would bar recovery altogether in such cases. Under the legislation with which we are here concerned the amount of the grant is determined by the number of children, and it may fairly be assumed that each of them derives therefrom an equal benefit, especially as the principal advantage, the opportunity of enjoying home life, is shared by them in common."

C. It is presumed that the amount of the settlement encompassed both the incurred and prospective medical expenses of the minor and the accident vested in her a chose in action as of the date of the accident, viz., February 25, 1961. It is noted that the first relief

grant was made within a few days following the accident. We concede that medical treatment when required is a necessity but of at least equal persuasion are the necessities of sustenance, clothing and housing.

D. That it is not within the province of the hearing judge to evaluate the adequacy of the damages awarded to the minor's estate. This is within the exclusive purview of a common pleas judge.

The guardian adduced the testimony of a physician designed to establish the medical needs of the minor. The witness is the family doctor and he predicated the minor's medical needs partly on his observations of the minor while she attended his office in company with other members of her family who were patients and on other occasions when she was his patient.

He specifically addressed himself to the abdominal scar on which she had a tendency to develop keloids, overgrowth of scar tissue, and that its correction would require plastic surgery which he estimated would cost $1,500. He placed emphasis on her not being able to conform to the mode of dress of children of her age who wear clothing with bare midriffs which would expose her abdominal scar to view. This he felt might have some psychiatric reactions. The witness did not claim to have any special skills in the field of psychiatry and the hearing judge evaluated his testimony as having less weight than that of a diplomate in that specialty.

Even if we were to concede the absolute necessity for future medical expenses, this case falls squarely within the provisions of the Act of June 24, 1937, P. L. 2045, sec. 4, as amended, 62 PS §1974, which provides:

"The real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and minor children of such property owner, in-

curred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted. Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person, and be collected as other judgments, except as to the real and personal property comprising the home and furnishings of such person, which home shall be subject to the lien of such judgment but shall not be subject to execution on such judgment during the lifetime of the person, surviving spouse, or dependent children.''

For the foregoing reasons I conclude as a matter of law that the said minor's estate is responsible for the payment of the claim and enter the following decree:

### Decree

And now, February 11, 1965, Frederick D. Sarkis, Esquire, guardian of the estate of Joan Marchiafava, a minor, is directed to pay the Department of Public Welfare of the Commonwealth of Pennsylvania, the sum of $783.75, as reimbursement for public assistance under the category of Aid to Dependent Children, provided for the said minor.